UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: DANIELA M. FARINA,<br>Debtor.<br>―――――――――――――――――――<br>DANIELA M. FARINA,<br>    Appellant,<br>v.<br>JANINA M. HOSKINS, Trustee,<br>    Appellee. | Case No.  22-cv-05031-JSC<br><br>**ORDER RE: IN FORMA PAUPERIS STATUS ON APPEAL TO THE BANKRUPTCY APPELLATE PANEL**<br><br>Re: Dkt. No. 3 |

The Bankruptcy Appellate Panel (BAP) has referred this action to this Court "for the limited purpose of ruling on the [in forma pauperis] motion." (Dkt. No. 1.)

Ms. Farina filed the underlying Chapter 7 bankruptcy action on January 18, 2022. *In re Daniela M. Farina*, Case No. 22-10021 (N.D. Cal. Bankr.). Two months later, the Chapter 7 Trustee filed an ex parte application for entry of order for judgment of possession and writ of assistance. *In re Daniela M. Farina*, Case No. 22-10021, Dkt. No. 161 (N.D. Cal. Bankr. Mar. 7, 2022). The Trustee alleged that Ms. Farina and her father had illegally taken possession of certain real property, a house which Ms. Farina purchased with a Victor Alam (the "First Avenue Residence"). (*Id.* at 2.) A state court receiver had granted the Trustee possession of the First Avenue Residence following a civil action brought by Mr. Alum. The bankruptcy court granted the Trustee's ex parte application and issued an order for judgment of possession and writ of assistance for the First Avenue Residence. *Id.* at Dkt. No. 166. Ms. Farina appealed this order to the BAP. *In re: Daniela Farina*, No. 22-1058 (9th Cir. BAP).

1 The bankruptcy court subsequently certified that Mr. Farina's appeal was not taken in good faith under 20 U.S.C. § 1915(a)(3). *Id*. at Dkt. No. 20. The bankruptcy court did so because it believed the appeal was moot as Ms. Farina did not obtain a stay of the court's order and a court approved sale of the at-issue real property had since been completed. *Id*. at 4. The court also noted that "the question of good faith of the appeal should be considered in the context of the entirety of Debtor's conduct," and in particular, that Ms. Farina had appealed nearly every order the court entered—14 as of the date of the certification—but had only prosecuted one. *Id*. at 4-5. The court thus concluded that "Debtor's conduct in the current case appears to be nothing more than a continuation of her ongoing litigious and obstructive conduct. Moreover, her conduct in this appeal appears to be a continuation of her strategy to waste judicial time and resources by filing multiple appeals without any intent to prosecute them." *Id*. at 5.

As the bankruptcy court noted, Ms. Farina's appeal is moot. "If an event occurs while a case is pending on appeal that makes it impossible for the court to grant any effectual relief whatever to a prevailing party, the appeal is moot and must be dismissed." *In re Pattullo*, 271 F.3d 898, 901 (9th Cir. 2001) (internal citation omitted). The bankruptcy court docket reflects that on July 19, 2022, the bankruptcy court granted the Trustee's request to approve the sale of the First Avenue Residence. *In re Daniela M. Farina*, Case No. 22-10021, Dkt. No. 452; *see also* Dkt. No. 479 (reflecting the sale). Given that the property at issue in the challenged order has been sold, there is no further relief the court can provide. *See United States v. Staton*, 773 F. App'x 979, 980 (9th Cir. 2019) ("Because the property was sold, and the Statons do not request any relief beyond the reversal of the sale, this appeal is moot.")

Accordingly, the Court finds that Ms. Farina's appeal is frivolous because it "has no arguable basis in fact or law." *O'Loughlin v. Doe*, 920 F.2d 614, 617 (9th Cir. 1990) (quotation marks and citation omitted). It is therefore not "taken in good faith" within the meaning of 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). Accordingly, Ms. Farina's motion to proceed in forma pauperis on appeal is denied.

//

//

The Clerk shall transmit a copy of this order to the BAP and close this action.

**IT IS SO ORDERED.**

Dated: September 13, 2022

_____
JACQUELINE SCOTT CORLEY
United States District Judge